| Case No. | **CV 17-654 DMG (PLAx)** | Date | April 21, 2017 |
|---|---|---|---|

| Title | *Lea M. Smadja v. PetSmart, Inc., et al.* | Page | 1 of 5 |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER RE PLAINTIFF'S MOTION TO REMAND [15]**

Plaintiff Lea M. Smadja ("Smadja") originally filed this action ("Compl.") in Los Angeles County Superior Court against Defendant PetSmart, Inc. ("PetSmart") [Doc. # 1-1.] The Complaint alleges various employment-related causes of action under state law, including harassment based on religion, wrongful termination in violation of public policy, and retaliation. *See generally* Compl. PetSmart subsequently removed the case to this Court on the basis of diversity jurisdiction. ("Removal Notice") [Doc. # 1.] Smadja now moves to remand this case to state court. ("MTR") [Doc. # 15.]

For the reasons stated below, the Court **GRANTS** Smadja's motion to remand.

**I.
FACTUAL BACKGROUND**

On December 15, 2016, Smajda's serving agent, ABC Legal Services, personally served Petsmart's service-of-process agent, CT Corporation System, at its Los Angeles office with two different sets of summonses and complaints. Declaration of Mario Lopez ("Lopez Decl.") ¶¶ 4-9; *id.* ¶ 7 ("I personally served these two cases simultaneously at CT at their Los Angeles office"). [Doc. # 15-1.] ABC Legal Services' employee, Mario Lopez, states that the summons and related pleadings for both cases were received by CT Corporation System through its process specialist, a person authorized to accept service. *Id.* ¶ 8. The first set of documents concerned the current action ("LASC Case No. BC642086"), which Lopez handed to CT's agent at 1:59 p.m. *Id.* ¶ 9. The second set of documents concerned a separate state court case against PetSmart involving different claims, which Lopez handed to CT's agent at 2:00 p.m. ("LASC Case No. BC642085"). *Id.*; *see* Lopez Decl., Exs. 1–2.

On December 17, 2016, Lopez prepared the Proof of Service for the second state court case, LASC Case No. BC642085, where he correctly indicated that the service was made to

PetSmart "by personal service." Lopez Decl. ¶ 11. ABC Legal Services then filed that Proof of Service with the state court. *Id.*, Ex. 1 (indicating party served "by personal service").

On December 19, 2016, upon reviewing his work load, Lopez noticed that he had not yet prepared the Proof of Service for the first case, LASC Case No. BC642086, which is the underlying state court action herein. *Id.* ¶ 13. He subsequently prepared a Proof of Service for this case, but inadvertently indicated that he served PetSmart "by substituted service." *Id.* ¶ 17, Ex. 2. On December 22, 2016, ABC Legal Services mailed copies of the LASC Case No. BC642086 summons and related pleading to CT Corporation System, and filed a Proof of Service with the state court. *Id.* ¶¶ 14–15.[1]

On January 26, 2017, PetSmart removed the state court action known as LASC Case No. BC642086 to this Court. Removal Notice ¶ 1.

In February 2017, Lopez discovered his inadvertent "by substituted service" mistake after reviewing the Proof of Service for LASC Case No. BC642086. *Id.* ¶¶ 17–18. Upon learning of the mistake, he immediately executed an Amended Proof of Service, indicating that PetSmart was served "by personal service" on December 15, 2016. *Id.* ¶ 18, Ex. 3 (Amended Proof of Service). On February 9, 2017, ABC Legal Services filed the Amended Proof of Service with the state court. *Id.* ¶ 19, Ex. 3.

## II.
## LEGAL STANDARD

"The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)). A defendant may

---

[1] PetSmart requests that the Court take judicial notice of a document entitled "Proof of Service re: Proof of Service of Summons and Related Pleadings; Declaration of Reasonable Diligence; and Declaration of Mailing." ("Proof of Service of Proof of Service") [Doc. # 19.] Smadja's counsel filed this document in state court on January 4, 2017. *Id.* The Court **GRANTS** PetSmart's request for judicial notice of the Proof of Service of Proof of Service. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) ("A court may take judicial notice of 'matters of public record.'").

Additionally, PetSmart requests the Court take judicial notice of three facts: (1) the filing of the Proof of Service of Proof of Service; (2) that Smadja's counsel, Ophir J. Bitton, signed the Proof of Service of Proof of Service; and (3) that Bitton "states that, on December 30, 2016, he caused the Proof of Service of Proof of Service of Process to be mailed to PetSmart." *Id.* The Court **GRANTS** PetSmart's request as to the three adjudicated facts as they are not subject to reasonable dispute.

UNITED STATES DISTRICT COURT        JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-654 DMG (PLAx)** | Date | April 21, 2017 |
|---|---|---|---|
| Title | *Lea M. Smadja v. PetSmart, Inc., et al.* | Page | 3 of 5 |

remove an action brought in state court to a federal district court where the action is pending if the district court has original jurisdiction over the action. 28 U.S.C. § 1441. Pursuant to 28 U.S.C. Section 1332, a district court shall have jurisdiction over a civil action where the matter in controversy exceeds the sum or value of $75,000 and there is complete diversity of citizenship between the parties.

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal citation omitted); *see also Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) ("removal statutes should be construed narrowly in favor of remand to protect the jurisdiction of state courts."). There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is *any doubt* as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (internal quotation marks omitted) (emphasis added).

## III.
## DISCUSSION

**A.      Timeliness of the Notice of Removal**

The notice of removal of a civil action shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action is based. 28 U.S.C. § 1446(b)(1). Failure to remove an action within 30 days waives a party's right to remove. *Cantrell v. Great Republic, Inc.*, 873 F.2d 1249, 1256 (9th Cir. 1989). If the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days of receipt by the defendant of a copy of "'an amended pleading, motion, order, or other paper' from which it may be ascertained that the case is removable." *Jordan v. Nationstar Mortgage LLC*, 781 F.3d 1178, 1181 (9th Cir. 2015) (quoting 28 U.S.C. § 1446(b)(3)).

Here, the parties disagree over when the 30-day clock began to run. Smadja argues that the 30-day clock started ticking on December 15, 2016 when the summons and complaint were served in person. On the other hand, PetSmart contends that the 30-day period started on December 31, 2016, because according to the Proof of Service filed with state court, the summons and complaint were mailed on December 21, 2016 by ABC Legal Services, and California law provides that service by mail on out-of-state defendants becomes effective 10 days after mailing. Declaration of Hardy Ray Murphy ("Murphy Decl.") ¶ 3 [Doc. # 18-1]; *see* Cal Civ. Proc. Code § 415.40. PetSmart's counsel states that he accepted Lopez's sworn

UNITED STATES DISTRICT COURT      JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-654 DMG (PLAx)** | Date | April 21, 2017 |
|---|---|---|---|
| Title | *Lea M. Smadja v. PetSmart, Inc., et al.* | Page | 4 of 5 |

representations concerning substituted service and relied upon them to calculate the deadline to respond. Murphy Decl. ¶ 3.

While PetSmart presents evidence that its attorney relied on the Proof of Service filed with the state court to determine the deadline for removal, it offers no evidence to contradict Lopez's declaration that he personally served PetSmart on December 15, 2016.[2] Because Lopez personally served PetSmart on December 15, 2016, notwithstanding the misinformation PetSmart's attorney relied upon to calculate the relevant deadlines, PetSmart's January 26, 2017 removal was untimely.

In the alternative, PetSmart argues that the 30-day clock did not begin to run until March 1, 2017, when it became evident for the first time that the $75,000 amount in controversy could be satisfied. Opp. at 14. On that date, Smadja refused to stipulate that she seeks no more than $75,000. Murphy Decl. ¶ 4.

This assertion, however, is belied by PetSmart's removal notice, which contends that the potential value of lost back pay, lost front pay, emotional distress damages, punitive damages, and request for attorneys' fees "clearly exceeds $75,000." Removal Notice ¶ 18. Although Smadja does not provide a specific jurisdictional amount in the Complaint, it is facially apparent from the facts alleged (i.e., harassment based on religion, constructive wrongful termination, breach of implied-in-fact employment contract, failure to prevent discrimination), and the damages sought (lost front and back pay, punitive damages, emotional distress damages, attorneys' fees), that the amount in controversy exceeds $75,000. *See, e.g., Rodriguez v. Boeing Co.*, No. CV 14-04265-RSWL (AGRx), 2014 WL 3818108, at *4 (C.D. Cal. Aug. 1, 2014) ("While Plaintiff did not provide a specific jurisdictional amount, the facts alleged in the Complaint [which involved employment discrimination] should have indicated to Defendant that the amount in controversy exceeded $75,000.").

---

[2] In fact, PetSmart filed a notice of removal in LASC Case No. BC642085, which Lopez personally served on PetSmart one minute after personally serving it with the summons and pleadings concerning the instant action. Unlike here, however, PetSmart removed LASC Case No. BC642085 on January 17, 2017, within the 30-day removal window. *See Smadja v. PetSmart, Inc.*, No. CV 17 00379-SVW (JCx) (class action complaint alleging various wage and hour claims). Given the fact that the second lawsuit was personally served upon PetSmart at or around the same time as this lawsuit, PetSmart should have known that Lopez's proof of service was incorrect when it indicated that it was served by "substituted service." Regardless, it is the date of actual service that the Court considers material to the resolution of this motion, not the erroneous information under which apparently the process server, Plaintiff's counsel, and Defendant's counsel all labored.

UNITED STATES DISTRICT COURT     **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-654 DMG (PLAx)** | Date | April 21, 2017 |
|---|---|---|---|
| Title | *Lea M. Smadja v. PetSmart, Inc., et al.* | Page | 5 of 5 |

In sum, given the strong presumption against removal jurisdiction and PetSmart's failure to controvert the evidence that it was in fact personally served on December 15, 2016, the Court **GRANTS** Smadja's remand motion on the basis of untimely removal.

**B.**     **Request for Attorneys' Fees**

An order remanding "[a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Except in "unusual circumstances," a court may award fees under Section 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).

Although PetSmart has failed to meet its burden in supporting removal, it did not lack an objectively reasonable basis for attempting to remove this case. The Court therefore finds that Smadja is not entitled to attorney's fees and costs.

## IV.
## CONCLUSION

In light of the foregoing, the Court **GRANTS** Smadja's motion to remand on the basis of untimely removal. The Court **DENIES** Smadja's request for an award of attorneys' fees.

This action is hereby **REMANDED** to the Los Angeles County Superior Court. All scheduled hearings, dates, and deadlines in this matter are **VACATED**.

**IT IS SO ORDERED.**